## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

NATHAN BARNETT and PHILIP BARNETT,

       Plaintiffs,

    -against-

CABELL COUNTY COMMISSION; and
ANTHONY CUMMINGS, GREG LOSH,
KIMBERLY PACK, MIKE PARDE, EDDIE
BLANKENSHIP, in their individual
capacities;

       Defendants.

Civil Action No. 3:22-CV-203

Judge Chambers

## PLAINTIFFS' MOTION TO COMPEL
## DEFENDANT CABELL COUNTY COMMISSION

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Civil Rule 37.1,
Plaintiffs Nathan and Philip Barnett respectfully move the Court for an order compelling
Defendant Cabell County Commission (the "Commission") to produce documents
possessed by and provide information known to the Cabell County Prosecuting
Attorney, the Cabell County Sheriff, and their respective offices.

### BACKGROUND

Plaintiffs Nathan and Philip Barnett were wrongfully convicted of a murder they
did not commit and incarcerated for a combined 18 years before being exonerated by
DNA evidence. In this action, the Barnetts allege, among other things, that the Cabell
County Prosecuting Attorney violated their right to a fair trial by suppressing
exculpatory information that was material to the outcome of the case. The suppressed
*Brady* information included that: (1) William Scott Harbour, one of just two witnesses

who put the Barnetts and the victim in the same place, had multiple open misdemeanor cases at the time, had discussed them with the prosecutor the morning of his testimony, and had been offered consideration; (2) the tipster who first led police to the Barnetts, Greg Bailey, was a longstanding informant for the Cabell County Sheriff's Office who regularly received consideration from the Prosecuting Attorney; and (3) the tires found on a vehicle allegedly used in the crime did not match tire marks at the crime scene. The Barnetts allege that the Commission is liable for these constitutional violations under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because the Prosecuting Attorney acted as a final municipal policymaker of Cabell County.

The Barnetts served document requests and interrogatories on the Commission on August 9, 2022, seeking documents held by and information known to the Prosecuting Attorney's Office and Sheriff's Office on relevant subjects, including (i) the Barnetts' prosecution and the (non-)disclosure of exculpatory information to the Barnetts; (ii) other criminal matters involving Harbour and Bailey and any prior or subsequent consideration they received; and (iii) policies and procedures, training records, and prior complaints of misconduct concerning *Brady* and related subjects.

On September 8, the Commission objected to virtually every interrogatory and document request on the basis that the Commission *itself* did not have the relevant documents or information. *See* Ex. A (responses). On September 13, the Barnetts sent the Commission a letter addressing deficiencies in these responses and setting forth their legal possession. *See* Ex. B (deficiency letter). The parties conferred in good faith by Zoom for approximately an hour on September 16 and made progress on ancillary matters but were unable to resolve the central issue presented here. The Commission continues to maintain its position that it need not search for any responsive documents

2

held by the Prosecuting Attorney or Sheriff and need not provide any information known to those Cabell County offices in response to the Barnetts' interrogatories.[1] Because that position is contrary to Federal Rules of Civil Procedure 33 and 34, the Court should compel the Commission to produce responsive documents and supplement its interrogatory responses to provide responsive information.

## LEGAL STANDARD

Federal Rule of Civil Procedure 34(a)(1) requires a party to an action to produce documents in its "possession, custody or control." Fed. R. Civ. P. 34(a)(1). "In the Fourth Circuit, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain [them]." *Felman Production, Inc. v. Indus. Risk Ins.*, No. 3:09-CV-481, 2011 WL 4547012, at *10 (S.D. W. Va. Sept. 29, 2011) (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010)).

Similarly, Rule 33(b)(1)(B) requires a party that is a "governmental agency" or "corporation"—like the Commission—to "furnish the information *available* to the party" in response to interrogatories. Fed. R. Civ. P. 33(b)(1)(B) (emphasis added). As the Fourth Circuit has explained, "'availability' and 'control' are both words of art and are used to express the same thought." *Wilson v. Volkswagen of Am.*, 561 F.2d 494, 513 (4th Cir. 1977) (quotation marks omitted); *accord NewMarket Corp. v. Innospec Inc.*, No. 3:10-CV-503, 2011 WL 1306008, at *4 (E.D. Va. Apr. 1, 2011). The responding corporate party has an affirmative duty under Rule 33 to gather information reasonably available

---

[1] Since the parties' meet-and-confer, the Commission has provided additional information about the computer systems used by the Prosecuting Attorney's Office and the file preservation practices of that Office during the relevant time period.

to it. *See NewMarket Corp.*, 2011 WL 1306008, at *4; *Nat'l Fire Ins. Co. v. Jose Trucking Corp.*, 264 F.R.D. 233, 238 (W.D.N.C. 2010).

## ARGUMENT

### I.   Prosecuting Attorney and Sheriff Documents Are Within the Commission's "Control," and Information Known to Those Offices Is "Available" to the Commission

The Court should order the Commission to perform a diligent search for responsive documents held by the Prosecuting Attorney's Office and Sheriff's Office, and produce any that may exist, because such documents are within the Commission's "control" under Rule 34. The Court should also order the Commission to supplement its interrogatory responses to include information known to employees of the Prosecuting Attorney's Office and Sheriff's Office because such information is "available" to the Commission under Rule 33. The Court should so hold for several reasons.

First, the Commission has the "right" and "authority" to obtain the relevant documents and information. *Felman Production*, 2011 WL 4547012, at *10. It is beyond dispute that workplace documents (as opposed to, say, personal emails) in the possession of an entity's employees are within the entity's control. *See, e.g.*, *Gomez v. Easlan Mgmt.*, No. 6:20-CV-2156, at 2021 WL 5854413, at *5 (D.S.C. Sept. 30, 2021). As a matter of West Virginia law, all assistant prosecuting attorneys, investigators, and other personnel in the Prosecuting Attorney's Office are employees of the Commission. *State ex rel. Morrisey v. W. Va. Office of Disciplinary Counsel*, 764 S.E.2d 769, 780-81 (W. Va. 2014). The same goes for deputy sheriffs and other personnel in the Sheriff's Office. *See id.* The Prosecuting Attorney and Sheriff themselves are also employees of the Commission. W .Va. Code § 29-12A-3. The Commission plainly has the authority to direct its own employees to provide it with documents and information.

What's more, the Commission owns the physical premises and electronic systems on which any responsive Prosecuting Attorney and Sheriff documents would be stored. The Commission is required by statute to furnish the Prosecuting Attorney with office space, W. Va. Code § 7-4-2, which it does at the Cabell County Courthouse, *see* Ex. C (Prosecuting Attorney website). The Commission owns the Courthouse.[2] *See* Ex. D (application for listing on National Register of Historic Places). Counsel for the Commission has also represented to us that "we think the Sheriff and Prosecutor were included" among the users of a computer system that the Commission provided to county agencies. The Prosecuting Attorney and Sheriff today use cabellcounty.org email domain names. *See* Exs. C, E. The Commission surely has the authority to enter its own premises, whether physical or virtual, and access its own property.

Second, irrespective of whether the Commission has the formal authority to obtain the relevant documents and information, it has the "practical ability" to do so. Both the current and former Prosecuting Attorney have a "demonstrated history of voluntary cooperation" with the Commission's efforts in discovery. *Benisek v. Lemone*, 320 F.R.D. 32, 35 (D. Md. 2017). In this case, for example, former Prosecuting Attorney Christopher Chiles submitted a declaration in support of the Commission's motion to dismiss, *see* Dkt. #29-1, and provided information to Commission counsel about the electronic document preservation practices of the Prosecuting Attorney upon request, *see* Ex. F (email from Commission counsel). Similarly, in affirmative litigation brought by the Commission against opioid distributors, the current Prosecuting Attorney assisted the Commission in responding to discovery requests by providing a declaration

---

[2]     On information and belief, we believe that the Commission also owns the Cabell County Sheriff's field office in Ona.

that no responsive documents existed. Ex. G (Hammers Declaration, *Cabell County Comm'n v. AmerisourceBergen Drug Corp.*, No. 3:17-CV-1665 (S.D. W. Va. May 12, 2020)). In light of this history, the idea that prosecutorial and sheriff's personnel would *refuse to help* if counsel for the Commission sought their assistance in responding to the Barnetts' requests in this case defies credulity.

Third, the Prosecuting Attorney's Office and the Sheriff's Office are "related nonpart[ies]," such that materials in their possession are within the Commission's control. *Steele Software Sys., Corp. v. DataQuick Info Sys., Inc.*, 247 F.R.D. 561, 564-65 (D. Md. 2006). In determining whether a nonparty entity is sufficiently related to a party such that the party must produce its documents, "the specific form of the corporate relative involved does not matter," and courts examine several factors to determine whether the party entity has control of the nonparty's documents. *Id.* at 564.

Here, the Prosecuting Attorney's *Office* and Sheriff's *Office* do not exist as standalone entities under West Virginia law. *See Launi v. Hampshire Cty. Prosecuting Att'y's Office*, 480 F. Supp. 3d 724, 732 (N.D. W. Va. 2020). To be sure, the Prosecuting Attorney and Sheriff are individually elected constitutional officers. But their staffs are employed by the Commission, *see Morrisey*, 764 S.E.2d at 780-81; are paid with Commission funds, *id.* § 7-7-7(c), are approved by the Commission, *see id.* § 7-7-7(a) (county commission must "advise and consent" to hiring of assistant prosecutors), and work out of Commission premises, *id.* § 7-4-2; Exs. C & D. These overlaps in finances and personnel between the Commission and the Prosecuting Attorney's Office and Sheriff's Office support the conclusion that the Commission has control over their documents. *Steele Software Sys.*, 247 F.R.D. at 564. So, too, does the fact that the Prosecuting Attorney's Office, which prosecuted the Barnetts, was directly involved in

6

"the transaction at issue in the litigation." *Id.* The Prosecuting Attorney's Office also stands to "benefit from the outcome of the case"—both reputationally, as the constitutionality of its practices is at issue, and financially, in that the Commission provides its funding. *Id.*

Fourth and finally, the Commission has conceded that documents possessed by the Prosecuting Attorney are in its possession, custody, or control. Rule 26(a)(1)(A)(ii) requires parties to disclose documents "in their possession, custody, or control" that they may use to support their claims or defenses. The Commission's initial Rule 26 disclosures dated September 6, 2022, identified the "[p]rosecutor's case file from *State of West Virginia v. Barnet [sic]*" as such a document. Ex. H (Commission's initial disclosures) at 5. Not only did the Commission disclose those documents under Rule 26(a)(1)(A)(ii), but it also wrote that the "prosecutorial case file" is in the **"possession of, custody, or control of"** the Commission. *Id.* (emphasis in original).

For any and all of these reasons, documents held by and information known to the Prosecuting Attorney, the Sheriff, and their offices are under the "control" of the Commission and "available" to the Commission under Rules 33 and 34, respectively.

## II.  The Commission's Representations that Certain Documents Were Not Preserved Does Not Moot this Motion

The Court should reject any suggestion by the Commission that the parties' ongoing discussions about the details of document preservation and ESI preservation eliminates the need for a prompt resolution of this dispute.

Since the parties' September 16 conferral, the Commission has represented that it believes that the Prosecuting Attorney: (i) did not retain the case files from criminal matters involving Harbour and Bailey; and (ii) did not centrally back up or preserve files

once stored on individual computer hard drives that have since been replaced. The Commission has also represented that there may be no way of retrieving emails from the relevant time because they were not centrally stored. The parties are engaged in an ongoing dialogue about the details of these representations and the need for sufficient proof thereof. We are optimistic that the parties will be able to resolve those matters by working in good faith.

In no way, however, would any of these representations—even assuming they are eventually confirmed and substantiated—moot the dispute presented by this motion. Any potential failure to preserve certain documents has no bearing upon the Barnetts' interrogatories. Regardless of what documents still exist, the Commission must supplement its interrogatory responses to reflect all *information* available to the Prosecuting Attorney, the Sheriff, and their offices. Fed. R. Civ. P. 33. Furthermore, the Commission's representations to date about document non-preservation plainly do not encompass all the documents requested by the Barnetts—including, just by way of example, (i) documents related to their own prosecutions, (ii) prosecutors' personnel files, and (iii) any policy documents that were not stored electronically. In short, even as the parties work in good faith to determine what files, computer systems, and sources of ESI may still exist, a legal dispute remains about whether the Commission must diligently search whatever *does* exist and produce any responsive materials found therein. The Court should resolve that issue now.

## III.   The Resolution of This Dispute Should Not Be Delayed

The Court should reject any suggestion by the Commission that the resolution of this dispute should be delayed until Judge Chambers decides the Commission's pending motion to dismiss (Dkt. #29). That motion concerns whether, as a matter of West

Virginia law, the Prosecuting Attorney exercises final municipal policymaking authority on behalf of Cabell County, such that the Commission can be liable for his misconduct under *Monell*. This motion concerns the scope of the Commission's discovery obligations under the Federal Rules of Civil Procedure. While both motions have something to do with the relationship between the Commission and the Prosecuting Attorney in a superficial sense, they present wholly distinct legal questions.

Nor has the Commission moved to stay discovery. Indeed, it expressly agreed—as a condition of the Barnetts' consent to its requested extension of time to respond to the Complaint—that it "will not seek to stay discovery." Ex. I. Yet, in response to the Barnetts' requests for discovery about core issues in the case, the Commission has objected to producing virtually any documents and to providing virtually any information. Declining to adjudicate the validity of the Commission's objections would effectively give the Commission the benefit of the very stay it agreed not to seek. For discovery to proceed in any meaningful way, it is necessary that the Court promptly resolve the parties' dispute about the scope of the Commission's obligations.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the motion to compel.

Dated:        October 3, 2022

KAUFMAN LIEB LEBOWITZ & FRICK LLP

_____/s/ Douglas E. Lieb_____
Douglas E. Lieb, *pro hac vice*
Alison Frick, *pro hac vice*
Alyssa Isidoridy, *pro hac vice*
18 East 48th Street, Suite 802
New York, NY 10017
(212) 660-2332
dlieb@kllf-law.com
africk@kllf-law.com
aisidoridy@kllf-law.com

HISSAM FORMAN DONOVAN RITCHIE PLLC

_____/s/ Ryan McCune Donovan_____
Ryan McCune Donovan (WV Bar #11160)
Isaac R. Forman (WV Bar #11668)
J. Zak Ritchie (WV Bar #11705)
Skyler A. Matthews (WV Bar #13532)
707 Virginia Street East, Suite 260
Charleston, WV 25301
(681) 265-3802
rdonovan@hfdrlaw.com
iforman@hfdrlaw.com
zritchie@hfdrlaw.com
smatthews@hfdrlaw.com

*Counsel for Plaintiffs Nathan and Philip Barnett*