IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| JUSTIN BLACK,<br><br>        Plaintiff,<br><br>-against-<br><br>THE WEST VIRGINIA STATE POLICE; and ANTHONY CUMMINGS, GREG LOSH, KIMBERLY PACK, MIKE PARDE, EDDIE BLANKENSHIP, and UNKNOWN OFFICERS OF THE WEST VIRGINIA STATE POLICE;<br><br>        Defendants. | Civil Action No. 3:22-CV-96<br><br>Judge Chambers |
| NATHAN BARNETT and PHILIP BARNETT,<br><br>        Plaintiffs,<br><br>-against-<br><br>CABELL COUNTY COMMISSION; and ANTHONY CUMMINGS, GREG LOSH, KIMBERLY PACK, MIKE PARDE, EDDIE BLANKENSHIP, in their individual capacities;<br><br>        Defendants. | Civil Action No. 3:22-CV-203<br><br>Judge Chambers |

**PLAINTIFFS' JOINT MOTION TO COMPEL
DEFENDANTS ANTHONY CUMMINGS, GREG LOSH, KIMBERLY PACK,
MIKE PARDE, AND EDDIE BLANKENSHIP**

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Civil Rule 37.1, Plaintiffs Justin Black and Nathan and Philip Barnett respectfully move the Court for an order compelling Defendants Anthony Cummings, Greg Losh, Kimberly Pack, Mike

Parde, and Eddie Blankenship (the "Individual Defendants") to reproduce documents from the Cabell County Prosecuting Attorney's Office with redactions removed.

## BACKGROUND

Plaintiffs Justin Black and Nathan and Philip Barnett were wrongfully convicted of a murder they did not commit and incarcerated for a combined 28 years before being exonerated by DNA evidence. Plaintiffs bring claims against the Individual Defendants for their misconduct in the investigation of the homicide which led to their wrongful prosecutions and convictions.[1] Their Complaints allege, among other things, that the Individual Defendants fabricated evidence by extracting false and coerced confessions from Black and Brian Dement and that they used the fabricated evidence to maliciously pursue criminal proceedings against Plaintiffs.[2] The Barnetts further allege that the Individual Defendants suppressed exculpatory evidence from the Cabell County Prosecuting Attorney's Office that was material to the outcome of the case.[3]

Plaintiffs served discovery requests on the Individual Defendants on August 9, 2022, seeking, *inter alia*, all documents within their possession, custody, or control that relate to the homicide investigation, the investigation and prosecution of Dement, Black, the Barnetts, and any witnesses identified in the Individual Defendants' Rule 26 initial

---

[1] Black filed his Complaint on February 22, 2022, and the Barnetts filed their Complaint on April 26, 2022. On July 28, 2022, this Court consolidated the Black and Barnetts' cases for discovery purposes. *Barnett* Dkt. #24.

[2] Black brings an additional claim for vicarious liability against the West Virginia State Police, which is represented by the same counsel as the Individual Defendants.

[3] The Barnetts also bring claims against the Cabell County Commission under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for the suppression of *Brady* information by Cabell County Prosecuting Attorney Christopher D. Chiles in his capacity as a final municipal policymaker of Cabell County.

disclosures. Following a mutually agreed-upon extension of deadlines, the Individual Defendants served their objections and responses on September 30, 2022 and produced responsive documents that included files from the Cabell County Prosecuting Attorney's Office ("CCPAO"), the Wayne County Prosecuting Attorney's Office, and the West Virginia State Police. Hundreds of pages of those documents were redacted in full or in part, without any explanation or privilege log.

On October 21, 2022, counsel for the Barnetts emailed the Individual Defendants requesting a privilege log explaining the redactions. On November 4, 2022, the Individual Defendants produced a privilege log stating that the redacted documents were prosecutor's notes withheld based on the attorney-client and work-product privileges. *See* Ex. A. The parties conferred in good faith by videoconference for approximately one-half hour on November 15, 2022 but were unable to resolve the privilege issues. The Individual Defendants continue to maintain that the redacted information is protected by both privileges.[4] Because the Individual Defendants cannot meet their burden to prove that either privilege shields these essential documents from disclosure, the Court should compel their production in unredacted form.

**LEGAL STANDARD**

In the Fourth Circuit, "[a] party asserting privilege has the burden of demonstrating its applicability." *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 501 (4th Cir. 2011). To assert the attorney-client privilege, a party must demonstrate that

---

[4] During the conference, counsel for the Individual Defendants indicated they may withdraw claims of attorney-client privilege over some documents but could not identify which documents or confirm their formal withdrawal. Plaintiffs therefore assume the Individual Defendants maintain the assertions identified in the Privilege Log.

3

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). A client's voluntary disclosure of privileged information to a third party waives the attorney-client privilege. *Id.*

With respect to work product, Federal Rule of Civil Procedure 26(b)(3) protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3). The protection covers both fact and opinion work product. *In re Allen*, 106 F.3d 582, 607 (4th Cir. 1997). Generally, opinion work product is "more scrupulously protected" than fact work product, which does not "contain an attorney's mental impressions." *In re Grand Jury Proc. #5*, 401 F.3d 247, 250 (4th Cir. 2005). But both may be discoverable if an attorney waives the privilege by voluntarily disclosing the information "to someone with interests adverse to his or those of the client," thus "increasing the possibility that an opponent will obtain and use the material." *In re Doe*, 662 F.2d 1073, 1081 (4th Cir. 1981).

Courts within the Fourth Circuit have also recognized that discovery of both fact and opinion work product is necessary for those claims which, "by their very nature, necessarily put the opinions of counsel directly at issue." *Smith v. Scottsdale Ins. Co.*, 40 F. Supp. 3d 704, 725 (N.D. W. Va. 2014) (citing *Morrow v. Brown, Todd, & Heyburn*, 957 S.W.2d 722, 725 (Ky. 1997)) (in malicious prosecution case, opinion work product was discoverable because activities and opinions of attorney were at issue)),

4

*aff'd*, No. 5:12-CV-86, 2014 WL 4199207 (N.D. W. Va. Aug. 22, 2014), and *aff'd*, 621 F. App'x 743 (4th Cir. 2015); *see also JJK Min. Co., LLC v. Swiger*, 292 F.R.D. 323, 338 (N.D. W. Va. 2013) (ordering discovery of opinion work product in willful patent infringement case). In finding such exceptions, courts examine the circumstances as they relate to the purposes underlying the work-product doctrine, as articulated by the Supreme Court in *Hickman v. Taylor*: to protect an attorney's ability to formulate legal theories and plan case strategy; prevent an opponent from "borrowing" from an adversaries' work; and prevent interference with ongoing litigation. 329 U.S. 495, 510–11, 516 (1947).

Finally, where the work-product privilege applies, fact work product may nevertheless be discoverable upon a showing of both "a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *In re Grand Jury Proc. #5*, 401 F.3d at 250; Fed. R. Civ. P. 26(b)(3)(ii).

## ARGUMENT

### I. The Attorney-Client Privilege Does Not Apply

#### A. *The Individual Defendants Have No Standing to Assert Attorney-Client Privilege Over the Documents*

The Court should reject the Individual Defendants' assertion of attorney-client privilege over the redacted CCPAO materials because the Individual Defendants were neither clients nor attorneys in the underlying criminal matters and thus do not hold any attorney-client privilege.

The redacted documents are all identified in the Privilege Log as notes from the prosecutor or prosecutor's office. It is well-settled, however, that an individual law enforcement officer is not a prosecutor's "client" for purposes of the underlying criminal

5

matter. *E.g.*, *Amili v. City of Tukwila*, No. 13-CV-1299, 2014 WL 3404572, at *2 (W.D. Wash. July 10, 2014) (holding that "no attorney-client relationship exists between the prosecutor in a criminal case and police officer in a related civil suit" and collecting cases). To the extent the Cabell County Prosecuting Attorney can be said to have any client at all, "the prosecutor's client is the State of West Virginia." *Mitter v. McBride*, No. 2:05-CV-28, 2008 WL 713917, at *17 (N.D. W. Va. Mar. 14, 2008). Indeed, the Individual Defendants are members of the West Virginia State Police sued in their individual capacities and represented by insurance defense counsel. The Cabell County Prosecuting Attorney—who is not a party to this action—is separately represented by outside counsel. An attorney-client relationship never existed between the Individual Defendants and the Cabell County Prosecuting Attorney and does not exist now. *See, e.g.*, *McCoy v. City of Columbia*, No. 5:10-CV-132, 2012 WL 1458177, at *1 (D.S.C. Apr. 27, 2012) (no attorney-client relationship between prosecutor and arresting officer in underlying criminal case).

Because the Individual Defendants are unable to meet their burden of proving that they were clients of the Cabell County Prosecuting Attorney, *Interbake Foods*, 637 F.3d at 501-02, the Court should reject their assertion of attorney-client privilege.

### B. *The Attorney-Client Privilege Was Waived When the Unredacted Documents Were Disclosed to the Individual Defendants*

The Court should order production of the unredacted documents because, to the extent the attorney-client privilege ever applied, it was waived when the unredacted documents were disclosed to the Individual Defendants for these litigations.

The attorney-client privilege is waived by "[a]ny disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship," including any

6

"disclosure by the client to a third party." *Sheet Metal Workers Int'l Ass'n v. Sweeney*, 29 F.3d 120, 125 (4th Cir. 1994). In this case, the Individual Defendants informed Plaintiffs during the parties' November 15 conference that the CCPAO had previously disclosed its file to the Wayne County Prosecuting Attorney's Office, which then disclosed the unredacted documents to the Individual Defendants following the filing of Plaintiff Black's Complaint. Plaintiffs do not dispute the existence of a common interest privilege between the CCPAO and the Wayne County Prosecuting Attorney's Office. *See Hunton & Williams v. U.S. Dep't of Justice*, 590 F.3d 272, 277 (4th Cir. 2010). However, because the Individual Defendants are third-party law enforcement officers who are "not embraced by the privilege," disclosure of the unredacted documents to them—which occurred only after Black had filed his Complaint—waived any claim of attorney-client privilege over the documents. *Hawkins v. Stables*, 148 F.3d 379, 384 n.4 (4th Cir. 1998).

## II. The Work-Product Privilege Does Not Shield These Documents from Disclosure

### A. *The Individual Defendants Have No Standing to Assert the Work-Product Privilege*

The Individual Defendants have no standing to assert the work-product privilege over the prosecutor's notes under the plain language of Rule 26(b)(3) because the documents were not prepared "by or for" the Individual Defendants or "[their] representative." Fed. R. Civ. P. 26(b)(3)(A).

It is undisputed that the redacted documents that are the subject of this motion were prepared by the CCPAO, *see* Ex. A, which is neither a party to this litigation nor a "representative" of the Individual Defendants. As law enforcement officers of the state, the Individual Defendants are entirely distinct entities from the CCPAO, and the CCPAO

7

is neither the Individual Defendants' "attorney, consultant, surety, indemnitor, insurer, or agent." Fed. R. Civ. P. 26(b)(3)(A). Nor can the Individual Defendants invoke the work-product doctrine based on privity with the CCPAO because they are not in fact in privity. *See Allstate Ins. Co. v. Warns,* No. 11-CV-1846, 2013 WL 1310556, at *3 (D. Md. Mar. 28, 2013) (concluding that the work-product doctrine may be invoked by the attorney, the client, or an "entity in privity with the policyholder in the attorney-client relationship" such as an insurance company). Thus, because neither the Individual Defendants nor their representatives "created [the redacted documents] either in anticipation of litigation or for trial purposes," they have no standing to assert the work-product privilege over them now. *Green v. Sauder Mouldings, Inc.*, 223 F.R.D. 304, 306 (E.D. Va. 2004).

**B.** *Neither Fact nor Opinion Work Product Is Protected Where, as Here, the Conduct of the Attorney Is Directly at Issue*

The Court should order production of the unredacted documents because the nature of Plaintiffs' claims necessitates discovery of the knowledge and activities of the Individual Defendants and the prosecuting attorney in the underlying criminal matter.

"Many courts faced with the issue of the production of opinion work product have recognized an exception to Rule 26(b)(3) protection for work product which concerns activities of counsel that are directly in issue." *Charlotte Motor Speedway, Inc. v. Int'l Ins. Co.*, 125 F.R.D. 127, 130 (M.D.N.C. 1989). This exception applies to those claims which, "by their very nature, necessarily put the opinions of counsel directly at issue." *Scottsdale Ins. Co.*, 40 F. Supp. 3d at 725. The claims brought by Black and the Barnetts, which include malicious prosecution, fabrication of evidence, and the suppression of exculpatory evidence, are precisely the type for which courts routinely find that the

work-product privilege does protect prosecutorial files. *See, e.g.*, *Klein v. Jefferson Par. Sch. Bd.*, No. 00-CV-3401, 2003 WL 1873909, at *4 (E.D. La. Apr. 10, 2003); *Carter v. City of Philadelphia*, No. 97-CV-4499, 2000 WL 632988, at *2 (E.D. Pa. May 5, 2000); *Hernandez v. Longini*, No. 96-C-6203, 1997 WL 754041, at *2 (N.D. Ill. Nov. 13, 1997); *Schultz v. Talley,* 152 F.R.D. 181, 186 (W.D. Mo. 1993); *Doubleday v. Ruh*, 149 F.R.D. 601, 608 (E.D. Cal. 1993).

A finding that the work-product doctrine does not protect the redacted prosecutorial files in this case would serve the *Hickman* policies underlying the doctrine itself. *Hickman*, 329 U.S. at 510–11, 516. Plaintiffs' discovery of the notes would not stifle an attorney's ability to formulate legal theories and case strategy because prosecutors draft witness notes "with the expectation that defense attorneys may obtain them as [*Brady*] material" in the criminal proceedings. *Abdell v. City of New York*, No. 05-CV-8453, 2006 WL 2664313, at *5 (S.D.N.Y. Sept. 14, 2006). Additionally, there is no danger that the prosecutor's opponent will "borrow" from the prosecutor's work or "interfere" with ongoing litigation where, as here, the criminal cases have terminated. *Carter*, 2000 WL 632988, at *1.

### C. *Plaintiffs Have a Substantial Need for the Unredacted Documents and Are Unable to Obtain it By Other Means*

Even if the Court finds that the work-product doctrine applies to the materials in question and that no privilege has been waived, Plaintiffs are entitled to any *fact* work-product contained within the CCPAO materials because they have a "substantial need" for that factual material and would incur "undue hardship" in securing equivalent material. Fed. R. Civ. P. 26(b)(3).

9

Plaintiffs have a "substantial need" for any fact work product because several of their claims turn on the specific information known to Prosecuting Attorney Chiles at the time of trial. Fed. R. Civ. P. 26(b)(3). The Complaints allege that the Individual Defendants fabricated evidence by coercing false confessions and forwarding that information to the prosecutor to initiate and pursue criminal proceedings against Plaintiffs. Black Compl. ¶¶ 123–33; Barnett Compl. ¶¶ 292–300. The redacted notes contain critical information about the knowledge held by the prosecuting attorney and is therefore "central to [those] substantive claims." *Madanes v. Madanes*, 199 F.R.D. 135, 150 (S.D.N.Y. 2001). The redactions include, for example, "Prosecutor's notes regarding witnesses and background of same" (CCPA000744); "Prosecutor's notes regarding witnesses" (CCPA002318) and "meetings with witnesses" (CCPA002385, CCPA002389); and notes directly involving several of the Individual Defendants, including Cummings, Pack, and Parde (CCPA000083–85; CCPA000089–91; CCPA000093–97). Ex. A at 2, 5, 8. Plaintiffs will also have a substantial need for them as potential impeachment material against Chiles, a central witness. *Fed. Election Comm'n v. Christian Coal.*, 178 F.R.D. 61, 85 (E.D. Va.) (parties can show a substantial need where a document is necessary to impeach opposing party's defense), *aff'd in part and modified in part*, 178 F.R.D. 456 (E.D. Va. 1998).

Moreover, the Barnetts assert *Brady* claims based on Prosecuting Attorney Chiles' failure to disclose (a) his offer of favorable consideration to witness William Scott Harbour and (b) information concerning Greg Bailey's status as a police informant. Barnett Compl. ¶ 338. The redactions at CCPA002381–82 and CCPA001152–61, which include "Prosecutor's trial notes regarding Scott Harbour," and "Prosecutor's notes regarding Greg Bailey," respectively, are essential to these claims. Ex. A at 6, 8.

10

In addition to its high degree of relevance, Plaintiffs are unable to obtain this information from any other source. Courts have recognized that these types of documents—contemporaneous notes not available from any other sources—are particularly important because it is "often difficult to duplicate or find a substantial equivalent." *Mason C. Day Excavating, Inc. v. Lumbermens Mut. Cas. Co.*, 143 F.R.D. 601, 606 (M.D.N.C. 1992). Simply put, Plaintiffs' need for the redacted information is significant.

Courts analyzing similar claims of "substantial need" under Rule 26(b)(3)(A)(ii) routinely find that plaintiffs in civil rights cases are entitled to discovery of prosecutorial materials from an underlying criminal matter. *See, e.g.*, *Abdell*, 2006 WL 2664313, at *6-7 (plaintiffs had demonstrated "substantial need" for district attorney files in subsequent civil rights case); *Carter v. City of Philadelphia*, No. 97-CV-4499, 2000 WL 632988, at *2 (E.D. Pa. May 5, 2000) (ordering disclosure of prosecutor's files in subsequent civil rights case upon finding of substantial need) (quoting *Doubleday*, 149 F.R.D. at 607 ("[P]laintiff's attorney is seeking information directly pertinent to the issues in this civil case . . . [and] solely within the possession of the prosecuting attorney.")). Plaintiffs have shown substantial need for the unredacted documents and an inability to obtain the equivalent without undue hardship.

### D. *The Work-Product Privilege Was Waived When the Unredacted Documents Were Disclosed to Parties with Adverse Interests*

Finally, any work product protection was waived when the Wayne County Prosecuting Attorney's Office produced the CCPAO materials to the Individual Defendants, who possess adverse interests. Within the Fourth Circuit, disclosure of work product to parties with adverse interests constitutes waiver of the work-product

privilege because such disclosure "increases the opportunity for potential adversaries to obtain the information." *Courtland Co., Inc. v. Union Carbide Corp*, No. 2:19-CV-00894, 2021 WL 707158, at *3 (S.D. W. Va. Feb. 23, 2021).

Here, the Wayne County Prosecuting Attorney's Office waived any work-product privilege attached to the prosecutor's notes when it disclosed the unredacted documents to the Individual Defendants, who possess adverse interests to the prosecutors. Both Black and the Barnetts allege that the Individual Defendants violated Plaintiffs' constitutional rights through their misconduct in investigating the homicide of Deanna Crawford, including by coercing false confessions from Black and Dement and forwarding that information to prosecutors to pursue the malicious prosecution of Plaintiffs. In the context of this litigation, the Individual Defendants' principal interest is in proving that they are not liable for such violations. By contrast, the prosecuting attorney's offices hold an interest in maintaining that Plaintiffs' prosecutions were fair and reasonable and, to the extent the Individual Defendants are liable for constitutional violations, that the prosecutors were unaware of the officers' misconduct. In short, the prosecuting attorney's offices have a significant interest in distancing themselves from any misconduct by the state police in these cases. *See Sheets v. Ins. Co. of N. Am.*, No. 4:04-CV-00058, 2005 WL 3006670, at *2 (W.D. Va. Nov. 8, 2005) (an adverse interest is any "that is opposed or contrary to that of someone else") (citing *Black's Law Dictionary* (8th ed. 2004)). Because the prosecutors' adverse interest arose with the filing of Black's Complaint, disclosure of the unredacted documents after such time was made "freely and with the knowledge that document [was] being passed to a party with adverse interests." *Sheets*, 2005 WL 3006670, at *2.

12

The adversity of interest between the officers and the prosecutors is particularly acute with respect to the Barnetts' claim that the Individual Defendants failed to disclose *Brady* material to the CCPAO in time for its effective use at trial. Barnett Compl. ¶¶ 311–16. This exculpatory material includes the coercive nature of the Individual Defendants' interrogations of Brian Dement and Justin Black and the threats that Defendants Cummings and Blankenship used to persuade Greg Bailey to wear a wire and record his conversations with Brian Dement. *Id*. The CCPAO has an interest in maintaining that it never received such information from the Individual Defendants, because the alternative could shift liability for suppression of the *Brady* material to Cabell County. The Individual Defendants, on the other hand, have an interest in showing that any *Brady* material was properly disclosed to the CCPAO in time for its effective use at trial.

Because prosecutors disclosed the notes to the Individual Defendants as parties with adverse interests to its own, it waived any work-product privilege attached to both opinion and fact work product. *In re Doe*, 662 F.2d at 1081.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the motion to compel.

Dated: November 28, 2022

| | |
|---|---|
| LOEVY & LOEVY<br><br>_/s/ Elizabeth Paukstis_<br>Elizabeth Paukstis, *pro hac vice*<br>311 North Aberdeen Street, Suite 3<br>Chicago, IL 60607<br>(202) 306-9779<br>paukstis@lovey.com<br><br>DIPIERO SIMMONS McGINLEY & BASTRESS, PLLC<br><br>_/s/ Lonnie C. Simmons_<br>Lonnie C. Simmons (WV Bar #3406)<br>P.O. Box 1631<br>Charleston, WV 25326<br>(304) 342-0133<br>lonnie.simmons@dbdlawfirm.com<br><br>*Counsel for Plaintiff Justin Black* (No. 3:22-CV-96) | KAUFMAN LIEB LEBOWITZ & FRICK LLP<br><br>_/s/ Alyssa Isidoridy_<br>Douglas E. Lieb, *pro hac vice*<br>Alison Frick, *pro hac vice*<br>Alyssa Isidoridy, *pro hac vice*<br>18 East 48th Street, Suite 802<br>New York, NY 10017<br>(212) 660-2332<br>dlieb@kllf-law.com<br>africk@kllf-law.com<br>aisidoridy@kllf-law.com<br><br>HISSAM FORMAN DONOVAN RITCHIE PLLC<br><br>_/s/ Ryan M. Donovan_<br>Ryan M. Donovan (WV Bar #11160)<br>Isaac R. Forman (WV Bar #11668)<br>J. Zak Ritchie (WV Bar #11705)<br>Skyler A. Matthews (WV Bar #13532)<br>707 Virginia Street East, Suite 260<br>Charleston, WV 25301<br>(681) 265-3802<br>rdonovan@hfdrlaw.com<br>iforman@hfdrlaw.com<br>zritchie@hfdrlaw.com<br>smatthews@hfdrlaw.com<br><br>*Counsel for Plaintiffs Nathan and Philip Barnett* (No. 3:22-CV-203) |