IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

NATHAN BARNETT and
PHILIP BARNETT,

           Plaintiffs,

v.                                    CIVIL ACTION NO.   3:22-0203

CABELL COUNTY COMMISSION; and
ANTHONY CUMMINGS,
GREG LOSH,
KIMBERLY PACK,
MIKE PARDE, and
EDDIE BLANKENSHIP,
in their official capacities,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Cabell County Commission's Objections to the Court's December 13, 2022 Memorandum Opinion and Order. ECF No. 88. For the following reasons, the Objections are **DENIED**. Accordingly, the Court **ADOPTS AND AFFIRMS** Magistrate Judge Eifert's Memorandum Opinion and Order (ECF No. 83), **GRANTING** Plaintiffs Nathan and Philip Barnett's Motion to Compel. ECF No. 64.

**I. BACKGROUND**

In 2008, Plaintiffs were wrongfully convicted of the murder of a young woman. Compl. ¶ 1, ECF No. 1. They were exonerated by DNA evidence and had their convictions vacated in 2019. *Id*. In part, this action alleges that the Cabell County Prosecuting Attorney's Office

("CCPA") withheld exculpatory evidence during their prosecution, in violation of their constitutional rights as articulated in *Brady v. Maryland*, 373 U.S. 83 (1963). *Id*. at ¶¶ 201-212. Plaintiffs have brought a *Monell* claim against Defendant Cabell County Commission ("CCC"), alleging that municipal policy enacted by CCPA and its Prosecuting Attorney deliberately violated Plaintiffs' constitutional rights. *Id*. at ¶¶ 336-342; *see Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978). Accordingly, in Interrogatory Nos. 1 and 2, Plaintiffs have requested CCC provide information concerning the CCPA's policies and training sessions on exculpatory evidence. Pls.' Mot. to Compel, Ex. 1 at 2-4, ECF No. 64-1. Parties reached an impasse concerning CCC's duty to respond to these interrogatories on September 8, 2022, and on October 3, 2022, Plaintiffs filed a Motion to Compel. *Id*. at 2. Defendant's Response argues that CCC has no duty to produce the requested information, as the CCC has no control over CCPA and therefore lacks access to that information. Def. CCC's Resp. in Opp'n to Pls.' Mot. to Compel at 2, ECF No. 68. On December 13, 2022, the Magistrate Judge issued a Memorandum Opinion and Order finding that the information requested in the Interrogatories was available to CCC and granting Plaintiffs' Motion to Compel. ECF No. 83.

Defendant has timely filed Objections to the Magistrate Judge's Memorandum Opinion and Order (ECF No. 88), arguing that the Order is contrary to West Virginia law, or, in the alternative, that this Court should "certify to the Supreme Court of Appeals of West Virginia the question of whether the CCC exercises sufficient control over the CCPA to have access to information about its policies and training sessions on exculpatory evidence with regard to its performance on behalf of the State of any prosecutorial function." Def. CCC's Objs. To Dec. 13, 2022 Order at 4, 10. In Response, Plaintiffs argue that the Magistrate Judge correctly determined the availability of the information to CCC, and that certification to the Supreme Court

of Appeals of West Virginia is unavailable and would be improper. Resp. to Def. CCC's Objs. at 2-5, ECF No. 91.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a), this Court must review non-dispositive findings of the Magistrate Judge to which parties object within 14 days. Raised questions of law are evaluated under a "contrary to law" standard. *Robinson v. Quicken Loans Inc.*, 2013 WL 1704839 at *3 (S.D.W. Va. Apr. 19, 2013). This Court in *Robinson* found the "contrary to law" standard under Rule 72(a) to have "no practical difference" to a *de novo* standard, citing *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). *Id.*; *see also Baxley v. Jividen*, 2022 WL 1494394 at *4 (S.D.W. Va. May 11, 2022). However, other district courts and opinions within this district have afforded greater deference to legal opinions by magistrate judges reviewed pursuant to Rule 72(a).

As articulated by the District of Maryland, "[t]he 'contrary to law' standard ordinarily suggests a plenary review of legal determinations, but many courts have noted that decisions of a magistrate judge concerning discovery disputes ... should be afforded 'great deference.'" *Stone v. Trump*, 356 F. Supp. 3d 505, 511 (D. Md. 2018) (internal quotation marks omitted); *see also* 12 Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 3069 (2d ed. 1997) (observing that altering a magistrate judge's non-dispositive orders is extremely difficult to justify). "In light of the broad discretion given to a magistrate judge in the resolution of non-dispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Brown v. Chapman*, 2023 WL 149239 at *1 (S.D.W. Va. Jan. 10, 2023) (quoting *Matthews v. Island Operating Company, Inc.*, 2019 WL 313194, at *2 (N.D. W. Va. Jan. 24, 2019)). Under the "contrary to law" standard, courts

have found that "the critical inquiry is whether there is legal authority that supports the magistrate's conclusion." *Stone*, 356 F. Supp. 3d at 511 (quoting *Guiden v. Leatt Corp.*, 2013 WL 4500319 at *3 (W.D. Ky. Aug. 21, 2013)). Importantly, "it is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge." *Id.* (quoting *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002)). "That reasonable minds may differ on the wisdom of a legal conclusion does not mean it is clearly erroneous or contrary to law." *Id.* Upon reconsideration, the Court adopts this more deferential standard articulated by its sister courts.

### III. DISCUSSION

As a preliminary matter, the Court **DENIES** CCC's request to certify its proffered question to the Supreme Court of Appeals of West Virginia. While CCC has cast its question as a dispositive and novel one of state law, this is an inaccurate interpretation of the issue at hand. *See* Def. CCC's Objs. at 10-11. The aspects of state law cited by the Magistrate Judge and involved in reaching her determination were examined for evidentiary purposes when determining a question of federal law—whether the information requested by Plaintiffs in Interrogatories 1 and 2 was "available" to CCC under Federal Rule of Civil Procedure 33's standard. This is not a question of state law which would be "determinative of an issue in a pending cause in the certifying court" such that the Supreme Court of Appeals of West Virginia could answer it. W. Va. Code § 51-1A-3.

The Court next considers Defendant's objections to the Magistrate Judge's application of Federal Rule of Civil Procedure 33. Rule 33 requires parties to provide information that is "available" to them when responding to interrogatories. Fed. R. Civ. P. 33(b)(1)(B). Information is "available" under Rule 33 when that information is within a party's "possession, custody, or control" under Rule 34. *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 513 (4th Cir. 1977).

"'Availability' and 'control' are both words of art and are used to express the same thought." *Id*. (internal quotation marks omitted). Therefore, a party may be required to obtain information from third parties if the party has a legal right or ability to obtain that information. *Williams v. AT&T Mobility*, 2021 WL 1842713 at *2 (E.D.N.C., Apr. 13, 2021). The party seeking production of information has the burden to prove that the responding party has sufficient control over that information. *See Ultra-Mek, Inc. v. Man Wah (USA), Inc.*, 318 F.R.D. 309, 313 (M.D.N.C. 2016).

In reaching her decision, the Magistrate Judge assessed the totality of the interconnected relationship between CCC and CCPA to determine whether the information requested was "available" to CCC. She cited a variety of areas in which CCC has statutory authority over CCPA, including: "the superintendence and administration of the internal police and fiscal affairs" of the county, W. Va. Const., Art. IX, § 11; control over county funds and budgets for all county offices, W. Va. Code § 7-7-7; ownership and maintenance of the CCPA building, W. Va. Code § 7-3-2; the requirement that assistant prosecutor only be hired with the "advice and consent" of CCC, W. Va. Code § 7-7-7; and the ability to choose a new prosecuting attorney or remove them from office for misconduct, W. Va. Code § 3-10-8. The Magistrate Judge also noted the Prosecuting Attorney's statutory duty to advise, attend to, bring, prosecute, or defend the county commission in all "matters, actions, suits, and proceedings." W. Va. Code § 7-4-1(a). In its Objections, CCC argues that none of these pieces of statutory authority grant a county commission control over a prosecuting attorney's internal records or prosecutorial functions. *See* Def. CCC's Objs. at 5-9 (analyzing each cited provision in turn). While true, Defendant has missed the forest for the trees; the Magistrate Judge's Order cited each statute as evidence of the broad connection between West Virginia county commissions and prosecuting attorneys, rather than as independently dispositive evidence of CCC's control over CCPA's records.

Additionally, the Order cited two cases as important to its decision-making: *Gardner v. Kanawha County*, 2019 WL 4072712 (S.D.W. Va. Aug. 28, 2019) and *Webster County Commission v. Clayton*, 206 W. Va. 107 (1999). In *Webster*, the Supreme Court of Appeals of West Virginia found that assistant prosecuting attorneys are joint employees of both the county prosecuting attorney and the county commission. 206 W. Va. at 113; *see also State ex rel. Morrisey v. W. Va. Office of Disciplinary Counsel*, 234 W. Va. 238, 250 (2014) (holding that a prosecutor's authority in appointing assistants is limited to appointment of attorneys as employees of the prosecutor and county commission). This Court agrees the fact that employees of CCPA are joint employees of CCC is competent evidence that information concerning CCPA employee procedures is likely "available" to CCC for the purposes of Rule 33. Moreover, in *Gardner*, the Southern District of West Virginia found that the Kanawha County Commission could be held liable for actions committed by the county prosecutor under § 1983 municipal liability. 2019 WL 4072712 at *18 (citing *Brandon v. Holt*, 469 U.S. 464, 472 (1985)). While this Opinion refrains from deciding the issue of whether liability could be attached to CCC based on the alleged actions of CCPA, the fact that at least one other court has found liability could attach to a West Virginia county commission based upon the actions of the county prosecutor in some situations lends additional support to the inference that the information sought in the Interrogatories is "available" to CCC under Rule 33.

In summation, county commissions in West Virginia employ every individual in the prosecuting attorney's office, have the power to charge prosecuting attorneys for misconduct and appoint successors in such cases, could prevent the hiring of any employee in a prosecuting attorney's office, own and manage the facilities of prosecuting attorneys, control the budget of prosecuting attorney's offices, rely upon prosecuting attorneys for all legal actions involving the

county commission, and, finally, have been found by at least one court to be subject to liability for the actions of prosecuting attorneys. The information requested by Plaintiffs in the Interrogatories concerns training and management of employees. Given the totality of the relationship between CCC and CCPA, particularly concerning matters of employment, the Court concludes that there is "legal authority that supports the magistrate [judge]'s conclusion" and that she did not abuse her discretion in finding that the requested information is "available" to CCC for the purposes of Rule 33. *See Stone*, 356 F. Supp. 3d at 511; *Brown*, 2023 WL 149239 at *1.

## IV. CONCLUSION

Accordingly, the Court **FINDS** that the Magistrate Judge's Order (ECF No. 83) was not contrary to law and **AFFIRMS** the findings therein; Defendant CCC is **COMPELLED** to respond to Interrogatories 1 and 2. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: January 27, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE